NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROXANA MARIA ANTONIETA
CIFUENTES BARRIOS; ANGELICA
MILAGROS GRAMAJO CIFUENTES,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 21-70180

Agency Nos. A216-175-527
A216-175-528

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2026[**]
Phoenix, Arizona

Before: BERZON, M. SMITH, and HURWITZ, Circuit Judges.

Roxana Maria Antonieta Cifuentes Barrios and her minor daughter, natives

and citizens of Guatemala, petition for review of a decision of the Board of

Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Judge ("IJ") denying asylum and withholding of removal.[1] We review for substantial evidence the agency's dispositive findings that Cifuentes Barrios had not established past persecution or a well-founded fear of future persecution, *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021), and deny the petition.[2]

"[C]redible death threats alone can constitute persecution." *Corpeno-Romero v. Garland*, 120 F.4th 570, 578 (9th Cir. 2024) (cleaned up). We look to "all of the surrounding circumstances to determine whether the threats are actually credible and rise to the level of persecution" and most often find persecution where the death threats are "repeated, specific and combined with confrontation or other mistreatment." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (cleaned up).

Cifuentes Barrios claims that while she was living in San Carlos Sija, Guatemala, gang members twice confronted her and her daughters, demanded payment, and threatened to kill her if their extortion demands were not met. The evidence does not compel a finding of past persecution or a well-founded fear of

---

[1]     The daughter was a derivative beneficiary of the mother's application for relief.

[2]     Because the persecution finding is dispositive and we need not reach the question whether Cifuentes Barrios' proposed particular social group is cognizable as a matter of law, we have no occasion to address the issue raised in Cifuentes Barrios' supplemental brief.

future persecution based on the death threats. *See Deloso v. Ashcroft*, 393 F.3d 858, 863-64 (9th Cir. 2005). When Cifuentes Barrios did not pay the extortion demand, she remained unharmed in Guatemala, albeit in a different city, for five months before fleeing to the United States. *See Duran-Rodriguez*, 918 F.3d at 1028-29 (noting evidence did not compel the conclusion that death threats were past persecution where the perpetrators "took no actions of violence against" the petitioner).

Moreover, while "harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution, it must be part of a pattern of persecution closely tied to the petitioner [her]self." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (cleaned up). The evidence does not compel the conclusion that the harms to her family members were "closely tied" to Cifuentes Barrios. *Id.* Although she testified that her brother was murdered for failing to pay an extortion demand, his murder occurred three years before gang members demanded payments from Cifuentes Barrios. She also admitted the gang members had no reason to know of their relationship. *See Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) ("We have held that acts of violence against a petitioner's friends or family members may establish a well-founded fear," but "[t]he abduction of two geographically distant brothers by unknown gunmen for unknown reasons does not.").

Cifuentes Barrios also testified that after she left San Carlos Sija and moved in with her parents in Guatemala City, a gang that had been collecting extortion payments from her parents increased their demands. She conceded, however, that the increased payment was only because there were more people living in the parent's home.

**PETITION FOR REVIEW DENIED.**[3]

---

[3] The temporary stay of removal, **Dkt. 1,** will dissolve on issuance of the mandate.